

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-89,277-01

### EX PARTE MICHAEL JAMES PALACIOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2013CR9739-W1 IN THE 186TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to thirty-three years' imprisonment.

Applicant contends, among other things, that his counsel rendered ineffective assistance because counsel failed to fully inform him of his appellate rights and secure his right to appeal after he informed counsel he wished to appeal. Trial counsel submitted an affidavit to respond to Applicant's claims, but it is silent as to whether Applicant informed him of his desire to appeal. The affidavit is also silent as to whether counsel fully informed Applicant of his appellate rights.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

"...[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal." *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988).

The trial court shall make: (1) findings of fact and conclusions of law as to whether counsel fully informed Applicant of his right to appeal; (2) findings as to whether Applicant informed counsel he wished to appeal and; (3) any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 9, 2019
Do not publish